This is not a case where it is necessary to controvert the question whether this Court will interfere by injunction or not, before a trial at law is had, declaring that to be a nuisance or not which in the bill is set forth to be one. No such question in this case can be tried at law. No nuisance exists — the object of the bill is to enjoin the defendant from creating one; and it does appear to me that it is a proper case for this Court's interference.
The nuisance which it is apprehended will arise from the erection of the mill does not appear to me to be a phantom, created by the fears of the witnesses, but a reality bottomed upon past experience. It is not likely that the effects of ponded water would be less deleterious now than formerly; the same causes produce the same effects. I think the injunction ought to be made perpetual, with costs.
HENDERSON, J., was of the same opinion, so the injunction was made perpetual.
Cited: Raleigh v. Hunter, 16 N.C. 13; Attorney-General v. Lea,38 N.C. 304; Clark v. Lawrence, 50 N.C. 85, 86; Privett v. Whitaker,73 N.C. 556; Vickers v. Durham, 132 N.C. 881; Pedrick v. Blount,143 N.C. 509; Cherry v. Williams, 147 N.C. 459; McManus v. R. R.,150 N.C. 661.
(393)